Salvador **SIBRIAN;** et al., Plaintiffs— Appellants,

v.

**CITY OF LOS ANGELES;** et al., Defendants—Appellees.

No. 06–56532.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed Aug. 1, 2008.

Erwin Chemerinsky, Duke University School of Law, Durham, NC, Michael S. Morrison, Schonbrun Desimone Seplow Harris & Hoffman, LLP, Venice, CA, for Plaintiffs–Appellants.

Blithe S. Bock, Los Angeles City Attorney's Office, Christian R. Bojorquez, Amy Jo Field, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. As counsel conceded at argument, there is no issue about where Lopez was seated or the

MEMORANDUM *

Miguel Lopez and passengers in the car he was driving appeal the jury's verdict for the City of Los Angeles, the Los Angeles Police Department, and various individual officers on their claims under 42 U.S.C. § 1983 and various state laws. We affirm.

I

█ The district court did not abuse its discretion in allowing a uniformed guard to be nearby Lopez without first conducting an evidentiary hearing.[1] The court engaged in extensive discussions with counsel, including a colloquy with the state corrections officer who accompanied Lopez. Lopez does not suggest what a further hearing would have accomplished. See Jones v. Meyer, 899 F.2d 883, 886 (9th Cir.1990) (noting that this court has never held that a hearing is necessary before ordering that a defendant in a criminal case be shackled). The trial judge recognized that the decision about courtroom security was his to make; he did not delegate that authority to state correctional officials. Instead, he took into account the fact that this was a civil action, and considered both Lopez's interests and security concerns. Security concerns included the fact that Lopez was serving a long-term sentence in state custody. Finally, to the extent Lopez claims he was prejudiced, prejudice, if any, was cured by the court's limiting instructions. See United States v. Milner, 962 F.2d 908, 912 (9th Cir.1992); United States v. Halliburton, 870 F.2d 557, 562 (9th Cir.1989); see also Holbrook v. Flynn, 475 U.S. 560, 568–69, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986) (holding that

options he was given. Likewise, though the briefs rely on shackling cases, no shackling issue is raised on appeal.

the presence of four armed guards in the courtroom was not inherently prejudicial).

## II

██ Nor did the court abuse its discretion in excluding evidence of prior excessive force complaints involving Officer Thompson. *See United States v. Cherer,* 513 F.3d 1150, 1157 (9th Cir.2008) (describing the test for admissibility of evidence under Fed.R.Evid. 404(b)). Thompson was exonerated on three of the prior incidents, and the evidence was found inconclusive on the fourth. The proffered evidence did not cast light on Thompson's intent, or the absence of mistake, in this case. *See United States v. Ayers,* 924 F.2d 1468, 1473 (9th Cir.1991) ("[I]f admitted to prove intent, the other acts must be similar to the offense charged."). That, several years before, Thompson shot from behind at a car to protect officers at whom the car was aiming shows nothing about whether he intended, in different circumstances, to shoot Lopez's car from behind after he was clear of it. We understand that credibility was important to this case, but we disagree that this renders the decision arbitrary. While the magistrate judge failed to articulate reasons for his ruling, which is the preferable practice, it is obvious from the record what considerations informed his decision. *See Cherer,* 513 F.3d at 1158–59. We cannot say that the decision he made, based on the proffer that was made, fell outside his discretion.

AFFIRMED.